IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

AMY M. KALINICH
on behalf of herself and
all others similarly situated,

        Plaintiffs,

Vs.                                No.  14-1120-SAC

DONNA S. GRINDLAY,
SUSAN E. SMITH, and
KANCONNECT, LLC,

        Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff's Motion for Default Judgment against all defendants. (Dk. 8). The clerk of the court filed an entry of default on June 19, 2014. (Dk. 7). The plaintiff now asks the court to enter judgment on her Fair Labor Standards Act ("FLSA") claim for unpaid wages (29 U.S.C. § 206(a)), and liquidated damages, attorneys' fees and costs (29 U.S.C. § 216(b)), and on her fraudulent filing of W-2 claim for the fixed liability of $5,000 or the sum of actual damages, costs, and attorneys' fees (26 U.S.C. § 7434(b)).

"Defendant by his default, admits the plaintiff's well-pleaded allegations of fact." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 540 U.S. 1089 (2003). "After an entry of default, a defendant cannot defendant a

claim on the merits." *Id*. at 1125 n.11. Thus, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3rd Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, § 2688 at 444 (2d ed. 1983) (citing in turn *Thomson v. Wooster*, 114 U.S. 104 (1885))). The entry of default judgment remains within the district court's sound discretion. *Shah v. New York State Dept. of Civil Service*, 168 F.3d 610, 615 (2nd Cir. 1999); *Olivas v. Bentwood Place Apartments, LLC*, 2010 WL 2952393 at *4 (D. Kan. Jul. 26, 2010). "Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law." *Olivas*, 2010 WL 2952393 at *4 (citation omitted); *see Topp v. Lone Tree Athletic Club, Inc.*, 2014 WL 3509201 at *4 (D. Colo. Jul. 15, 2014).

"Following *Iqbal* and *Twombly*, federal courts have declined to enter default judgments based upon complaints lacking sufficient factual allegations to establish liability under the FLSA." *Topp v. Lone Tree Athletic Club, Inc.*, 2014 WL 3509201 at *5 (citations omitted). To establish her eligibility under FLSA, the plaintiff must allege "sufficient facts to plausibly state a claim either (1) that she, individually, was engaged in commerce or (2) that [defendant] . . . is an enterprise engaged in commerce." *Reagor v. Okmulgee County Family Resource Center*, 501 Fed. Appx. 805, 808, 2012

2

WL 5507181 at *2 (10th Cir. Nov. 14, 2012). The plaintiff's complaint offers such conclusory and formulaic recitations as the defendants are "engaged in interstate commerce and/or in the production of goods for commerce" and "Plaintiff and other similarly situated employees were engaged in commerce and/or worked for Defendants, which were enterprises engaged in commerce." (Dk. 1, ¶¶ 10-11). Such allegations fail to establish eligibility. *See Topp v. Lone Tree Athletic Club, Inc.*, 2014 WL 3509201 at *7. The plaintiff's complaint also offers these bare-bones allegations: "Plaintiff's job duties included answering calls and providing customer service for third-party companies with whom Defendants contracted to provide after-hours customer service." *Id*. at ¶ 12. The court cannot reasonably infer interstate commerce activities from the mere terms of "third-party companies" or "customer service." The complaint offers no other facts describing the nature and scope of the defendants' business that would support any inference that the defendants were an enterprise engaged in interstate commerce.

The court is mindful that an employee may be engaged in commerce if she "regularly and recurrently use[s] an instrument of interstate commerce, such as a telephone." *Reagor*, 501 Fed. Appx. at 809 (citing *Thorne v. All Restoration Servs. Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006), and 29 C.F.R. § 776.10(b) ("requiring regular and recurrent use of instruments of communication as part of job duties")). "Isolated or sporadic activities do not satisfy this requirement." *Id*. (citing in part, *Kitchings v. Fla.*

*United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1293 n.26 (M.D. Fla. 2005) ("For an employee to be engaged in commerce, a substantial part of the employee's work must be related to interstate commerce." (internal quotation marks omitted)). The plaintiff's complaint alleges no more than her job duties "*included* answering calls." The vagueness of this allegation keeps this court from inferring that the plaintiff's use of the telephone was a "regular," "recurrent," and "substantial part" of her work. *See Reagor*, 501 Fed. Appx. at 810 ("Ms. Reagor's assertion that she uses the telephone as part of her duties is conclusory. She does not assert that her use of the telephone was a regular and recurrent part of her duties or that she used the telephone for interstate communications." (citation omitted)). Due to the lack of allegations showing that Kalinich engaged in interstate commerce, the court cannot reasonably infer that the plaintiff is eligible for FLSA coverage and that the defendants are liable for the minimum wages under the FLSA. Thus, the court denies the motion for default judgment on count one. The plaintiff may timely file and serve an amended complaint which allege facts sufficient to establish FLSA coverage and liability.

Even if the plaintiff's complaint had properly alleged coverage and liability, the court still would have denied the motion on count one for the lack of a factual presentation on damages. It is well established in this district:

> Furthermore, a default judgment does not establish the amount of damages. Plaintiff must establish that the amount requested is reasonable under the circumstances. "Damages may be awarded only if the record adequately reflects the basis for [the] award via hearing or a demonstration by detailed affidavits establishing the necessary facts."

*Olivas v. Bentwood Place Apartments, LLC*, 2010 WL 2952393 at *4 (citing and quoting, *DeMarsh v. Tornado Innovations, L.P.*, 2009 WL 3720180 at *2 (D. Kan. Nov. 4, 2009); *see Hermeris, Inc. v. McBrien*, 2012 WL 1091581 at *1-*2 (D. Kan. 2012); *see also Topp v. Lone Tree Athletic Club*, 2014 WL 3509201, at *9 (D. Colo. Jul. 15, 2014); *Solis v. Melt Brands Stores, LLC*, 2012 WL 364685 at *2 (D, Colo. 2012). The plaintiff proceeds under Fed. R. Civ. P. 55(b), and not (a), as she apparently recognizes that her claims are not for sums certain or for sums that can be made certain by computation. "'[W]hen a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding.'" *United States v. Craighead*, 176 Fed. Appx. 922, 925 (10th Cir. 2006) (quoting *American Red Cross v. Community Blood Center of the Ozarks*, 257 F.3d 859, 864 (8th Cir. 2001)). The plaintiff's motion is not accompanied by documentation or affidavits concerning the issues of wages, damages, fees and costs. In a footnote, the plaintiff's motion does offer to make any documents and information available to the court. (Dk. 8, p. 2 n.1). The above citations are commended

5

to the plaintiff for review in making any subsequent factual presentation in this regard.

Concerning count two, fraudulent filing of 2013 W-2 Form, the plaintiff seeks to recover only the statutory penalty of $5,000 which would be a sum certain. The judgment on this count, however, requires more, for 26 U.S.C. § 7434(e) provides: "The decision of the court awarding damages in an action brought under subsection (a) shall include a finding of the correct amount which should have been reported in the information return." The plaintiff's motion offers no proposed finding for the court to comply with the requirements of § 7434(e). The plaintiff also asks for attorneys' fees under this count without alleging entitlement to the same.

IT IS THEREFORE ORDERED that the plaintiff's Motion for Default Judgment against all defendants (Dk. 8) is denied, and the plaintiff may timely file and serve an amended complaint that alleges facts sufficient to establish FLSA coverage and liability.

Dated this 30th day of July, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge