IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

AMY M. KALINICH
on behalf of herself and
all others similarly situated,

        Plaintiffs,

Vs.                              No.  14-1120-SAC

DONNA S. GRINDLAY,
SUSAN E. SMITH, and
KANCONNECT, LLC,

        Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff's second motion for default judgment against all defendants. (Dk. 11). This motion seeks default judgment on the defendants' failure to answer or respond to the plaintiff's first amended complaint. (Dk. 11, ¶ 7). The plaintiff's motion cites the rule that, "[o]nce default is entered, the defaulting defendant is deemed to have admitted all well-pleaded allegations in the complaint and liability to plaintiff is deemed established," and asks the court to incorporate by reference the allegations from her first amended complaint. *Id.* at ¶¶ 8 and 9 (citation omitted). The difficulty in proceeding with the plaintiff's motion is that she has not sought and obtained a clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) as to her first amended complaint.

Default judgment upon a defendant's failure to answer involves a two-step sequential process outlined in Rule 55(a). *Meyers v. Pfizer, Inc.*, 581 Fed. Appx. 708 (10th Cir. 2014). The first step is the court clerk's decision to enter a default for the defendant's failure to timely respond to the complaint. Fed. R. Civ. P. 55(a). The second is the court's grant of default judgment after the clerk's entry of default. Fed. R. Civ. P. 55(b); *Guttman v. Silverberg*, 167 Fed. Appx. 1, 2 n.1 (10th Cir. 2005) ("The entry of default and the entry of a judgment by default are two separate procedures."), *cert. denied*, 547 U.S. 1112 (2006). There is no clerk's entry of default here for the defendants' failure to plead or otherwise defend in response to the plaintiff's first amended complaint.

The plaintiff's second motion for default judgment does not explain or address her failure to seek a clerk's entry of default, although her motion asserts the defendants have not answered or responded to the first amended complaint. The court appreciates the unique posture of this case in that clerk entered default with respect to the original complaint and the defendants have yet to file anything in this action. Consequently, the court shall construe the plaintiff's motion as seeking sequentially both the clerk's entry of default and then the court's entry of default judgment. The court shall grant in part now the plaintiff's request for the clerk to decide promptly whether to enter default. Once the clerk decides this matter, the court will promptly take up the plaintiff's remaining request for default judgment.

IT IS THEREFORE ORDERED that the plaintiff's second motion for default judgment against all defendants (Dk. 11) is granted insofar as the clerk shall promptly decide whether to enter default pursuant to Rule 55(a) for the defendants' failure to plead or otherwise defend in response to the plaintiff's first amended complaint. The balance of the plaintiff's motion for default judgment shall await the clerk's decision under Rule 55(a).

Dated this 10th day of December, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge