IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

AMY M. KALINICH
on behalf of herself and
all others similarly situated,

   Plaintiffs,

Vs.            No.  14-1120-SAC

DONNA S. GRINDLAY,
SUSAN E. SMITH, and
KANCONNECT, LLC,

   Defendants.

MEMORANDUM AND ORDER

   The case comes before the court on the plaintiff's second motion for default judgment against all defendants. (Dk. 11). The plaintiff previously asked the court to enter default judgment on its original complaint that pled a Fair Labor Standards Act ("FLSA") claim for unpaid wages (29 U.S.C. § 206(a)), and liquidated damages, attorneys' fees and costs (29 U.S.C. § 216(b)), and a claim for fraudulent filing of a W-2 seeking the fixed liability of $5,000 or the sum of actual damages, costs, and attorneys' fees (26 U.S.C. § 7434(b)). (Dk. 1). The court denied that motion because the plaintiff's complaint lacked sufficient factual allegations to establish FLSA coverage and liability for count one and to enter judgment under § 7434 for count two.

The plaintiff filed her first amended complaint and served it pursuant to Fed. R. Civ. P. 5(b)(2)(C) upon the defendants. (Dk. 10). When none of the defendants answered or responded to the first amended complaint, the plaintiff filed her second motion for default judgment. (Dk. 11). The court construed "the plaintiff's motion as seeking sequentially both the clerk's entry of default and then the court's entry of default judgment" pursuant to the sequential process required by Fed. R. Civ. P. 55. (Dk. 12, p. 2). Thus, the clerk did enter default on December 11, 2014, and mailed the same to the defendants. (Dk. 13). The court's prior order stated it would "promptly take up the plaintiff's request for default judgment" once the clerk entered default. (Dk. 12, p. 2). The record reflects as of this date that the defendants have filed nothing in response to the plaintiff's motion for default judgment, despite being properly served with the motion, the court's order, and the clerk's entry of default.

By their default, the defendants have admitted "the plaintiff's well-pleaded allegations of fact." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 540 U.S. 1089 (2003). "After an entry of default, a defendant cannot defend a claim on the merits." *Id.* at 1125 n.11. Thus, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3rd Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, *Federal*

*Practice and Procedure,* § 2688 at 444 (2d ed. 1983) (citing in turn *Thomson v. Wooster*, 114 U.S. 104 (1885))). The entry of default judgment remains within the district court's sound discretion. *Shah v. New York State Dept. of Civil Service*, 168 F.3d 610, 615 (2nd Cir. 1999); *Olivas v. Bentwood Place Apartments, LLC*, 2010 WL 2952393 at *4 (D. Kan. Jul. 26, 2010). "Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law." *Olivas*, 2010 WL 2952393 at *4 (citation omitted); *see Topp v. Lone Tree Athletic Club, Inc.*, 2014 WL 3509201 at *4 (D. Colo. Jul. 15, 2014).

The court finds sufficient facts from the plaintiff's first amended complaint and the plaintiff's supporting declaration to establish the defendants' liability under the FLSA and 26 U.S.C. § 7434(b). The plaintiff worked for the defendant KanConnect, LLC from November 11, 2013, through December 11, 2013, and the defendants Susan Smith and Donna Grindlay were principals for KanConnect, LLC. Providing telephone answering services and routing services for franchises located across the United States, KanConnect was engaged in interstate commerce for purposes of FLSA. For the one month that she was employed, the plaintiff worked 112.5 hours and received no compensation from the defendants. Thus, the defendants failed to pay plaintiff the federal minimum wage for these hours worked and have done so willfully. The record supported by the plaintiff's declaration shows

3

she is entitled to $813.81 in unpaid minimum wages under the FLSA. Having defaulted, the defendants have made no showing to avoid liquidated damages in the amount of $813.81. *See* 29 U.S.C. § 260. On the false reporting count, the additional facts that have been admitted and averred are that KanConnect also fraudulently reported on a Form W-2 Tax and Tax Statement for the tax year 2013 that it paid the plaintiff $482.75 in wages when it knew the plaintiff had not been paid any wages. Thus, the defendant should have reported zero as the correct amount of wages on the W-2. On these facts, the plaintiff is entitled to receive the statutory penalty of $5,000. *See* 26 U.S.C. § 7434(b).

In support of her second motion for default judgment, the plaintiff also submits the affidavit of one of her attorneys in this action and a copy of the law firm's billing invoice which adequately summarizes the firm's billing records showing the hours expended, the nature of the legal work performed, the billing rates, and additional costs of the action. After reviewing the same, the court finds that the requested hourly rates and the number of billed hours are reasonable and acceptable.

IT IS THEREFORE ORDERED that the plaintiff's Second Motion for Default Judgment against all defendants (Dk. 11) is granted, and the plaintiff is granted judgment against the named defendants, jointly and severally, in the total amount of $11,239.69, based on the following: $813.81 in unpaid minimum wages, $813.81 in liquidated damages, $4,187.50 in attorneys'

fees and $424.57 in costs under the FLSA claim; and $5,000 statutory damages penalty under 26 U.S.C. § 7434.

Dated this 30th day of December, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge